UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel., VERNON WATTS, | ) ) ) | |
| Petitioner, | ) ) | |
| vs. | ) ) ) | 10 C 4597 |
| MARCUS HARDY, Warden, Stateville Correctional Center | ) ) ) ) | |
| Respondent | ) | |

# MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This case comes before the court on a petition for a writ of habeas corpus filed by Petitioner Vernon Watts pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied.

## BACKGROUND

Petitioner Vernon Watts ("Watts") is currently serving a thirty-five year imprisonment sentence for the first-degree murder of Jessie Rice ("Rice"). *People v. Watts*, No. 1-02-3100 (Ill. App. Ct. Mar. 5, 2004). The conviction resulted from events that occurred on October 15, 1998. On that day, Rice and Michael Scott ("Scott") were having a conversation outside of an apartment building in Chicago, when a man

carrying a handgun, wearing a hooded sweatshirt, with a t-shirt around his face, approached them. The man shot Rice five times and killed him.

At the time of Rice's shooting, Watts was living with his girlfriend Davina Ivy ("Ivy"). On January 16, 1999, Watts was arrested for domestic violence against Ivy. While Watts was in custody for this unrelated matter, Ivy informed the police that Watts had told her about his involvement in the killing of Rice. On January 17, 1999, Assistant State's Attorneys ("ASAs") Anderson and Kanter, and detectives Boone, Hamilton, and Owens, interrogated Watts about the murder. Watts first made an inculpatory statement during the interrogation conducted by the detectives. When he was later questioned by ASAs Anderson and Kanter, Watts confessed to the crime in a statement that was recorded by a court reporter. In his confession, Watts stated that he was a member of the Cut Throats gang, a rival gang of the Blackstones gang. Watts also explained that he and two other Cut Throat members had agreed to kill Rice, a Blackstone member, in retaliation for another Blackstone member's shooting at Watts' car. Watts was subsequently indicted on first-degree murder charges in the Circuit Court of Cook County.

Prior to trial, Watts moved to suppress his confession as involuntary. The circuit court denied Watts' motion and admitted the confession into evidence when the matter proceeded to trial. At trial, the prosecution's evidence relied on Scott's testimony about

the shooting and on Ivy's testimony about Watts' admission of the killing. ASA Kanter also testified by reading Watts' confession to the jury. The only evidence Watts introduced was the stipulated testimony of two police officers to whom Scott had provided a description of the shooter that did not entirely fit Watts. In July 2002, the jury rendered a guilty verdict and Watts was sentenced to thirty-five years of imprisonment.

Watts appealed the conviction to the Illinois Appellate Court, claiming that the circuit court erred in denying his motion to suppress his confession. On March 5, 2004, the appellate court rejected Watts' claim and affirmed his conviction and sentence. *People v. Watts*, No. 1-02-3100, slip. op. at 6-7 (Ill. App. Ct. Mar. 5, 2004). Watts then submitted a petition for leave to appeal ("PLA") in the Illinois Supreme Court, presenting the same claim. The Illinois Supreme Court denied Watts' request on October 6, 2004.

On September 22, 2004, Watts filed a pro se petition for post-conviction relief in the Circuit Court of Cook County. In his submission, Watts asserted several claims, including:

(a) Trial counsel was ineffective for failure to investigate witnesses and other sources of evidence that would have exonerated Watts;

(b)  Trial judge displayed extreme bias by ruling in favor of the State in each of the State's objections during the hearing of Watts' motion to suppress and by refusing to allow the jury to examine detective Boone's police report during the jury deliberations.

On August 31, 2006, Watts amended his post-conviction petition, by claiming:

(c)  An allegedly newly discovered police report, indicating that an unnamed witness stated to the police that the shooter was not wearing a mask at the time of the shooting, supports Watts' claims of innocence and of ineffective assistance of his trial counsel for failure to adequately investigate.

*People v. Watts*, No. 99-CR-4150 (Ill. Cir. July 10, 2007). On July 10, 2007, the circuit court summarily dismissed Watts' post-conviction petition. On September 20, 2007, Watts sought leave to file a successive post-conviction petition in the Circuit Court of Cook County raising the following claims:

(a)  Trial counsel was ineffective for failure to investigate and for failure to present at trial the testimony of a second eyewitness who would have testified that the gunman was not wearing a mask when he shot the victim; and

(b)  The State violated his constitutional rights by failing to disclose that a second eyewitness stated to the police that the gunman was not wearing a mask.

On April 11, 2008, the circuit court denied Watts' successive post-conviction petition as well. Watts appealed the circuit court's orders denying his initial and successive postconviction petitions. The appellate court consolidated the appeals and appointed the Office of the State Appellate Defender ("OSAD") as counsel on appeal. After examination of the record on appeal, the OSAD concluded that an appeal would be frivolous and filed a motion to withdraw. On June 26, 2009, the appellate court granted counsel's motion to withdraw and affirmed the circuit court's judgments denying Watts' post-conviction petitions. *People v. Watts*, Nos. 1-07-2157 & 1-08-1428, slip op. (Ill. App. Ct. June 26, 2009). Watts then filed a pro se PLA with the Illinois Supreme Court, which was denied on November 25, 2009.

On July 23, 2010, Watts filed the instant petition for a writ of habeas corpus, in which he asserts the following challenges to his conviction and sentence:

(a) Trial counsel provided ineffective assistance of counsel for failing to investigate the second eyewitness who told the police that the shooter was not wearing a mask;

(b) Appellate counsel provided ineffective assistance of counsel for failing to raise trial counsel's failure on direct appeal;

(c) Post-conviction counsel provided ineffective assistance of counsel for failing to supplement Watts' post-conviction petition with newly discovered evidence of his arrest report;

(d) The State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose the fact that a witness told the police that the shooter was not wearing a mask; and

(e) The circuit court judge displayed bias against Watts in:

(1) urging the jurors to continue deliberating despite the fact that they had informed the judge that they were unable to reach a verdict;

(2) refusing to provide the jury with detective Boone's arrest report; and

(3) informing the jury that there was no evidence indicating whether Watts was right or left-handed.

## LEGAL STANDARD

Under 28 U.S.C. § 2254(b), a state habeas petitioner must exhaust his remedies in the state courts before he can pursue federal habeas review of his claims. To fulfill his exhaustion obligations, a petitioner must fairly present his federal claims to the state courts for "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). The one complete round of review may occur "either on direct appeal of his conviction or in post-conviction proceedings."

*Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). A petitioner who fails to maintain a claim throughout one complete round of review and who has no further opportunity to present his claim to the state court has procedurally defaulted that claim and foreclosed federal habeas review of the issue. *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007).

Additionally, a habeas petitioner's claim is procedurally defaulted when a state court decides a federal issue on the basis of a state procedural rule that is independent of the federal question and adequate to support the judgment. *See Stewart v. Smith*, 536 U.S. 856, 859-61 (2002). This doctrine only applies if "the state court actually relied on the procedural default as an independent basis for its decision." *Moore v. Bryant*, 295 F.3d 771, 774 (7th Cir. 2002).

A procedural default bars federal habeas relief on the claim, unless the petitioner demonstrates cause for and prejudice stemming from that default or establishes that denial of relief on the claim will result in a miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977). Cause for failure to exhaust typically consists of "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991). A petitioner may establish prejudice by demonstrating that the violation of his federal rights "worked to his *actual* and

substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). With these principles in mind, we turn to the instant petition.

**DISCUSSION**

Respondent Marcus Hardy ("Hardy") contends that each of the claims presented within Watts' habeas petition is either a non-cognizable ground for relief or has been procedurally defaulted. Watts argues in response that his claims were fairly presented to the state courts and are not procedurally defaulted.

I. **Non-Cognizable Claim In Federal Habeas**

Hardy argues that Watts' claim, that his post-conviction counsel was ineffective for failure to supplement his post-conviction petition with the newly discovered evidence of his arrest report, is non-cognizable in habeas. "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (limits of right to counsel only extend to first appeal as of right). Challenges to the effectiveness of Watts' post-conviction counsel are therefore non-cognizable in federal habeas. We deny to review Watts' claim of ineffective assistance of his post-conviction counsel.

## II. Procedurally Defaulted Claims

Hardy also contends that Watts cannot obtain federal habeas review of his ineffective assistance of trial and appellate counsel claims because the Illinois post-conviction circuit court disposed of these claims on an independent and adequate state law ground. A federal court may not grant habeas relief on a procedurally barred claim if the state court's decision was based on an adequate and independent state law ground. *Promotor v. Pollard*, 628 F.3d 878, 885 (7th Cir. 2010). "[W]hen a state refuses to adjudicate a petitioner's federal claims because they were not raised in accord with the state's procedural rules, that will normally qualify as an independent and adequate state ground for denying federal review." *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009). In Illinois, a petitioner who "attacks the competency of his counsel for failing to contact or call witnesses, [] must attach to his post-conviction petition affidavits showing the potential testimony of such witnesses and explain the significance of their testimony." *People v. Roberts*, 743 N.E. 2d 1025, 1028 (Ill. App. 2000). During Watts' post-conviction proceedings, the circuit court concluded that his ineffective assistance of counsel allegation was procedurally defaulted because Watts had unjustifiably failed to include the necessary witness affidavit and explain the substance of the witness' testimony. Accordingly, the circuit court's decision, which was based on independent and adequate state procedural grounds, precludes us from addressing the claims on

habeas corpus. We deny to review Watts' claims of ineffective assistance of his trial and appellate counsel.

Hardy next argues that Watts' claim - that suppression of evidence by the prosecution violated his right to due process under *Brady v. Maryland*, 373 U.S. 83, 87 (1963) - is equally barred by his procedural default during the state post-conviction proceedings. In Illinois, subsequent post-conviction petitions may not be filed unless the petitioner demonstrates "cause for his . . . failure to bring the claim in his . . . initial postconviction proceedings and prejudice results from that failure." 725 Ill. Comp. Stat. 5/122-1(f). In this instance, Watts asserted the *Brady* claim for the first time in his second post-conviction petition. The state post-conviction court refused to adjudicate Watts' claim because Watts failed to identify an objective reason preventing the assertion of the claim in the earlier petition for post-conviction relief. The court also noted that no prejudice inured from Watts' failure to assert his claim earlier. The state court's decision, which was based on independent and adequate state grounds, operates as a procedural bar for federal habeas purposes. Accordingly, we conclude that Watts' *Brady* claim is procedurally defaulted.

Hardy next maintains that Watts procedurally defaulted his first and third bias sub-claims by failing to raise them through one complete round of state review. To avoid procedural default, a petitioner "must establish that he fully and fairly presented

his claims to the state appellate courts, thus giving the state courts a meaningful opportunity to consider the substance of the claims that he later presents in his federal challenge." *Simpson v. Battaglia*, 458 F.3d 585, 593 (7th Cir. 2006). Watts failed to assert the first and third prongs of his bias challenge at any point during the direct or collateral review of his conviction. Watts' claims that the circuit court judge manifested bias when he urged the jury to deliberate or when he acknowledged the lack of evidence as to Watts' handedness, are therefore procedurally defaulted. We deny to review Watts' first and third bias claims.

### III. Claim of Bias

Hardy finally maintains that Watts' claim - that the judge showed bias in refusing to allow the jury to examine detective Boone's report - is without merit. According to 28 U.S.C. § 2254(d)(1)-(2), habeas relief may only be awarded if the state court's adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States. In addition, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). In the instant case, the circuit court judge refused to allow the deliberating jury to examine detective Boone's police report because it had not been admitted as evidence during the trial. Watts has failed to set forth facts that would

establish unconstitutional bias. Therefore, we cannot conclude that the state courts applied federal law or interpreted the facts before them in an objectively unreasonable fashion in denying Watts' bias claim. Watts is not entitled to habeas relief on this claim.

## CONCLUSION

Based on the foregoing analysis, Watts' petition for a writ of habeas corpus is denied.

/s/ Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated: March 15, 2011